**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **S.W.**

**No. 15-0328** (Grant County 13-JA-7, 13-JA-8, 13-JA-9, 13-JA-10, & 14-JA-17)

# MEMORANDUM DECISION

Petitioner Father J.W., by counsel Jeremy B. Cooper, appeals the Circuit Court of Grant County's March 11, 2015, order terminating his parental rights to S.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Joyce E. Stewart, filed a response on behalf of the child supporting the circuit court's order. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in proceeding to disposition once his whereabouts became known without giving him actual notice of the proceedings.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2014, the DHHR filed an abuse and neglect petition against petitioner alleging abandonment. At the time, the DHHR was aware that petitioner had recently been released from incarceration in Delaware, but was unaware of his exact location. The circuit court appointed counsel for petitioner while the DHHR continued to investigate his current address. The following month, the circuit court held an adjudicatory hearing. At that time, petitioner's counsel announced that he had not yet located his client, but had information that petitioner was living in the Grant County area. Based upon this information, the parties agreed to a continuance to provide petitioner notice. Thereafter, the DHHR effectuated service on petitioner by publication in Grant County. However, petitioner failed to appear for the rescheduled adjudicatory hearing.

---

[1]The proceedings in the circuit court included several other children that were not petitioner's biological children. On appeal, petitioner raises assignments of error relating solely to the termination of his parental rights to his biological child, S.W. As such, this memorandum decision concerns only the circuit court's findings and rulings regarding that child.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

At that point, the circuit court recognized proper service and proceeded to hear evidence of petitioner's abandonment. Petitioner was represented by counsel throughout the hearing. Ultimately, the circuit court adjudicated petitioner of abandonment and found that petitioner had not seen the child in approximately five years or provided the child with financial support.

In December of 2014, the circuit court held a dispositional hearing. Petitioner did not attend this hearing but was again represented by counsel. Immediately prior to the dispositional hearing, the DHHR caseworker handling the matter was informed by the DHHR's economic services division that an individual applied for economic assistance and listed petitioner as a member of her household in November of 2014. The applicant resided in Upshur County. The caseworker was not personally aware of this information until just prior to the dispositional hearing. Upon hearing this testimony, petitioner's counsel moved for a continuance. The circuit court denied the motion and terminated petitioner's parental rights. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court proceeding to disposition without providing petitioner actual notice of the proceedings.

On appeal, petitioner does not dispute that the DHHR achieved service on him by publication. Pursuant to West Virginia Code § 49-6-1(b), "[i]f service [of the petition and notice of the hearing] cannot be obtained by personal service or by certified mail, notice shall be by publication as a Class II legal advertisement in compliance with the provisions of article three, chapter fifty-nine of this code." In this matter, the record shows that the DHHR initially had no information concerning petitioner's specific address and that "service of the petition . . . was made on [petitioner] by publication." Additionally, petitioner does not allege that the DHHR's publication did not comply with the provisions of article three, chapter fifty-nine of the West Virginia Code. Instead, petitioner urges the Court to find that, despite proper service, his due process rights were violated when the DHHR obtained information concerning his whereabouts on the eve of the dispositional hearing. We decline to do so.

2

Pursuant to Rule 21 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, "[t]he judge may permit the civil protection proceeding to go forward after one parent personally is served, if it is established on the record that there have been diligent but unsuccessful efforts to serve all other parties . . ." and the DHHR has complied with the applicable statutes governing service. It is undisputed that S.W.'s mother was personally served, and the circuit court correctly allowed the proceedings to continue because of the DHHR's efforts to achieve service on petitioner. Moreover, petitioner's absence in the abuse and neglect proceedings below only underscores the allegations of abuse and neglect against him; namely, abandonment. Ultimately, we find no error in the circuit court proceeding to disposition upon valid service by publication upon petitioner. This is especially true in light of our prior direction that "[c]hild abuse and neglect cases must be recognized as being among the highest priority for the courts' attention. Unjustified procedural delays wreak havoc on a child's development, stability and security." Syl. Pt. 1, in part, *In Interest of Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 11, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis
Justice Menis E. Ketchum

3